# Exhibit 1

ELECTRONICALLY FILED - 2024 Mar 19 2:18 PM - GREENVILLE - COMMON PLEAS - CASE#2024CP2301719

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON |
| | ) | PLEAS |
| | ) | 13TH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |

| | |
|---|---|
| MARK FULTZ<br><br>Plaintiff,<br><br>v.<br><br>GREENVILLE HOSPITALITY HOLDINGS. LLC.<br><br>Defendant(s). | CASE NO.<br><br>Civil Action<br><br>**SUMMONS** |

TO THE DEFENDANTS NAMED ABOVE:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rend ered against you for the relief demanded in the complaint.

S/Anthony Brady

Plaintiff/Attorney for Plaintiff

Camden, South Carolina.

Dated: March 17, 2024.

ELECTRONICALLY FILED - 2024 Mar 19 2:18 PM - GREENVILLE - COMMON PLEAS - CASE#2024CP2301719

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON |
| | ) | PLEAS |
| | ) | 13TH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |

| | |
|---|---|
| MARK FULTZ<br><br>Plaintiff,<br><br>v.<br><br>GREENVILLE HOSPITALITY HOLDINGS. LLC.<br><br>Defendant(s). | CASE NO.<br><br>Civil Action<br><br><br><br>**COMPLAINT** |

Plaintiff, Mark Fultz residing at Apt. 106, 231 NW 76 Avenue, Margate, Florida.33063 by way of complaint against the Defendant states:

1. This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and the Plaintiff has alleged a violation of federal law Title III of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. Plaintiffs' claim is greater than $15,000.00 and venue is proper in Richland County because the cause of action arose in Greenville County and that Defendant resides at 851 Congaree Road, Greenville, Greenville County, South Carolina 29607 and is a hotel.

**PARTIES.**

2. Plaintiff, Mark Fultz resides at Apt 106, 231 NW. 76 Avenue, and Margate, Florida 33063. He is a disabled man because of a stroke. As a result he cannot walk without a cane or a wheelchair. Fultz qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3. The defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA .The property that is the subject of this suit is a hotel located at 851 Congaree Road, Greenville, Greenville County. South Carolina. 29607

ELECTRONICALLY FILED - 2024 Mar 19 2:18 PM - GREENVILLE - COMMON PLEAS - CASE#2024CP2301719

**STATEMENT OF THE CASE.**

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of being a quadriplegic, for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, “Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity.” 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, “We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country.

Certainly,...the mainstreaming of persons with disabilities will result...in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues.” Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, “The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

ELECTRONICALLY FILED - 2024 Mar 19 2:18 PM - GREENVILLE - COMMON PLEAS - CASE#2024CP2301719

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole). privileges of any place of public accommodation.

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

**FIRST COUNT.**

4. Plaintiff is a frequent traveler to, South Carolina because his family resides in the area

5. On March 27, 2023 he was a patron of the hotel.

6. His ability to use the services of the hotel was impaired because of lack of proper access to him and the disabled as a whole.

7. Specially, the parking does not provide proper parking for the disabled in that it is or accessible routes.. In that Fultz is a wheelchair use it is more difficult for him to travel from point A to B. The route from the parking to the front entrance does not have an accessible route

ELECTRONICALLY FILED - 2024 Mar 19 2:18 PM - GREENVILLE - COMMON PLEAS - CASE#2024CP2301719

nor proper access throughout the hotel nor an accessible route to the commons. There are interior routes which are not accessible and services such as the pool and weight room is not accessible. The hotel room itself is not accessible having a door that is too heavy. The web site itself does not allow the disabled to reserve a room.

8. The above violations are violations of the federal ADA Title III.

9. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

10. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. He will also return as a tester.

11. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

12. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, Plaintiff Fultz seeks:

a) Injunctive relief under the ADA.

b) Attorney fees and costs of suit under the ADA.

Date: March 17, 2024.

By: s/Anthony J. Brady, Jr.

ANTHONY J. BRADY, JR, ESQUIRE

South Carolina Bar No.15506
Law Office of Anthony Brady, Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
Email: ladbrady@gmail.com